**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

QUWANDA CANNION PHILLIPS,          )
                                   )
               Plaintiff,          )   Case No. 6:19-cv-02137-Orl
                                   )
       v.                          )   District Judge Paul G. Byron
                                   )   Magistrate Judge Leslie Hoffman
FEDEX GROUND PACKAGE               )
SYSTEM, INC.,                      )
                                   )
               Defendant.          )

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE**
**ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND SUPPORTING**
**MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and Local

Rule 3.01 of the Rules of the Middle District of Florida, Defendant, FedEx Ground Package

System, Inc. ("Defendant") moves, on the following grounds, for the Court to dismiss Plaintiff's

Complaint or, in the alternative, to order Plaintiff provide a more definite statement of the

Complaint.

1.     Plaintiff filed the instant matter in the Circuit Court of the Eighteenth Judicial

Court, in and for Brevard County, Florida, on July 22, 2019.

2.     The following day, July 23, 2019, Plaintiff filed an almost identical Complaint in

this Court at docket number 6:19-cv-01356[1].

3.     As currently pled, the Complaint in the instant matter consists of 102 paragraphs of

opinions and conclusions unsupported by facts.   Defendant cannot defend, nor identify, any

---

[1] On July 26, 2019, the Court dismissed Plaintiff's Complaint as a shotgun pleading and directed Plaintiff to refile. Plaintiff filed an Amended Complaint and it was, again, deemed a shotgun pleading.  Plaintiff's Complaint was dismissed and Plaintiff was given another opportunity to correct her pleading.  After failing to follow the Court's instructions regarding a Second Amended Complaint, on September 27, 2019, the Court dismissed Plaintiff's action, without prejudice.

defenses that may be available to it, and therefore, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

4.      Moreover, Plaintiff simply incorporates all the factual allegations described in Paragraphs 1 through 63 and fails to articulate which specific allegations are pertinent to the elements of which legal theories.

5.      As a result of the pleading deficiencies identified above, the Complaint constitutes a "shotgun" pleading prohibited in both the Eleventh Circuit and the Middle District of Florida. Thus, the Court should dismiss the Complaint.

6.      Alternatively, the allegations of the Complaint are so vague and ambiguous that the Defendant cannot reasonably prepare a response.

7.      As such, if the Court denies Defendant's Motion to Dismiss, the Court should require Plaintiff to provide a more definite statement of each claim for relief in the Complaint.

WHEREFORE, Defendant FedEx respectfully requests that the Court grant its Motion to Dismiss and dismiss the Complaint, or, in the alternative, grant its Motion for More Definite Statement and require Plaintiff to amend her Complaint.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a) of the Rules of the Middle District of Florida, Defendant submits its Memorandum of Law in support of its Motion to Dismiss, or, in the alternative, Motion for More Definite Statement.

Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain a "short and pain statement of the claim" showing that the plaintiff is entitled to relief.

A shotgun complaint "is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Ct. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Circ. 2015).  See also, *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

Plaintiff's "shotgun" complaint should be dismissed.  *Strategic Income Fund, L.L.C. v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1297 (11th Cir. 2002) (affirming dismissal of 'shotgun' complaint).

Alternatively, the allegations of the Complaint are so vague and ambiguous that Defendant cannot reasonably prepare a response.  A "shotgun" complaint "presents an unfair burden on the defendant, the plaintiff should be required to provide a more definite statement of his complaint." *Beckwith v. Bellsouth Telcoms., Inc.*, 146 Fed. Appx. 368, 371-372 (11th Cir. August 22, 2005) (affirming district court's order directing plaintiff to file more definite statement of its claim); See also *Anderson v. District Bd. Of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11th Circ. 1996).

In the event this Court denies Defendant's Motion to Dismiss, Defendant requests that this Honorable Court grant its Motion for More Definite Statement and require Plaintiff to submit an Amended Complaint that sets forth the specific factual basis upon which she alleges Defendant engaged in any actions which would support the asserted.  See Fed. R. Civ. P. 12(e).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed, or, in the alternative, Plaintiff should be directed to provide a more definite statement of her claims.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2019, the above and foregoing document was filed via the Court's CM/ECF filing system.  I further certify that I served a copy of the foregoing document on the following via U.S. Mail:

Quwanda Cannion Phillips, *pro se*
1766 Wilkig Avenue, SE
Palm Bay, FL  32909


Respectfully submitted,


s/ Gabriel A. Costa
Gabriel A. Costa (FL Bar #67361)
CALLAHAN & FUSCO, LLC
200 SW 1st Ave, Ste. 840
Fort Lauderdale, FL 33301-2072
Tel: (877) 618-9770
Fax: (954) 252-2308
Email: *gcosta@callahanfusco.com*

***Attorneys for Defendant,***
***FedEx Ground Package System, Inc.***

4